IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HUGH JARRATT § | | |
| PLAINTIFF § | | |
| § | | |
| vs. § | Civil Action No. _____ | |
| § | (Jury Requested) | |
| ARROW PLASTIC MANUFACTURING CO. § | | |
| and BED BATH & BEYOND INC. § | | |
| DEFENDANTS § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Hugh Jarratt, by and through his undersigned counsel, and files this Original Complaint against Defendants Arrow Plastic Manufacturing Co. and Bed Bath & Beyond Inc. and in support thereof would show unto the Court as follows:

NATURE OF THE ACTION

I.

This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. D574,187S entitled "Divided Plate for Separating Food" (hereinafter referred to as the "'187 patent"), a copy of which is attached hereto as Exhibit "A". Plaintiff is the owner of the '187 patent. Plaintiff seeks injunctive relief and monetary damages.

PARTIES

II.

Plaintiff Hugh Jarratt is a citizen of the state of Arkansas and resides in Fayetteville,

Arkansas.

III.

On information and belief, Defendant Arrow Plastic Manufacturing Co. is an Illinois corporation with its principal place of business located in Elk Grove Village, Illinois. Said Defendant may be served with process through its registered agent, David L. Weinstein, 311 S. Wacker Drive, Suite 4400, Chicago, Illinois 60606.

IV.

On information and belief, Defendant Bed Bath & Beyond Inc. is a New York corporation with its principal place of business located in Union, New Jersey. Said Defendant may be served with process at 650 Liberty Avenue, Attn: Tax Department, Union, New Jersey 07083.

JURISDICTION

V.

This action arises under the patent laws of the United States, 35 U.S.C. § 271, 282-85. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. § 1331 and 1338(a).

VI.

Venue is proper in this Court under 28 U.S.C. § 1391(b).

VII.

This Court has personal jurisdiction over Defendants because Defendants are present within or have minimum contacts with the state of Texas and the Eastern District of Texas. Defendants have

purposefully availed themselves of the privilege of conducting business in the state of Texas and in the Eastern District of Texas. Defendants have sought protection and benefit from the laws of the state of Texas. Defendants regularly conduct business in the state of Texas and within the Eastern District of Texas. Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the state of Texas and in the Eastern District of Texas. Defendants have directly and/or indirectly committed and/or induced acts of patent infringement in this district.

COUNT I - INFRINGEMENT OF U.S. PATENT D574,187S

VIII.

Plaintiff hereby reasserts and realleges the allegations contained in Paragraphs I - VII herein above as if set forth word for word.

IX.

The '187 patent was duly and legally issued by the United States Patent and Trademark Office on August 5, 2008, after full and fair examination. The '187 patent is full force and effect. Plaintiff is the owner of the '187 patent and possesses all rights of recovery under the '187 patent, including the exclusive right to sue for infringement and recover past damages.

X.

Some time after January of 2013, Defendants began selling taco plates which infringe the '187 patent.

XI.

Defendants sell and ship infringing taco plates into the state of Texas and the Eastern District of Texas. Defendants, on information and belief, transact or have transacted business within this

judicial district for their individual gain and benefit.

XII.

On information and belief, without Plaintiff's authorization, Defendants have offered for sale and have sold in the United States and the state of Texas the infringing taco plates, which have designs that are covered by the '187 patent.

XIII.

On information and belief, Defendants knowingly and intentionally sold and continue to sell Defendants' infringing taco plates as simulations of Plaintiff's taco plates.

XIV.

On information and belief, Defendants have infringed and continue to infringe the '187 patent within the meaning of 35 U.S.C. § 271(a) at least by selling and offering to sell Defendants' infringing taco plates without Plaintiff's authorization or license.

XV.

Plaintiff has sold and is currently selling his taco plates bearing the design claimed in the '187 patent. As contemplated by 35 U.S.C. § 287, Plaintiff has provided notice of the '187 patent by marking the '187 patent number on his taco plate models bearing those patented designs since the United States Patent and Trademark Office issued the '187 patent.

XVI.

Defendants have willfully and intentionally infringed the '187 patent from at least the date

of the filing of this lawsuit.

## XVII.

Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

## XVIII.

Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## XIX.

Defendants' infringement of Plaintiff's exclusive rights under the '187 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

## XX.

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff Hugh Jarratt respectfully requests that the Court find in his favor and against the Defendants, and that the Court Plaintiff the following relief:

a. Judgment that Defendants have infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to infringement of the '187 patent;

b.  Permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '187 patent, or such other equitable relief the Court determines is warranted;

c.  Award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

d.  That, should Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  That the Court declare this to be an exceptional case and award Plaintiff his reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.  Any further relief that the Court deems just and proper.

December 18, 2014

Respectfully submitted,

*/s/ W. David Carter* - Lead Attorney
TSB No. 03932780
MERCY ✶ CARTER ✶ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

Attorneys for Plaintiff Hugh Jarratt